H. E. Barcus, *Plaintiff in Error*, v. Harry J. Wood, *Defendant in Error*.

Division A.

Opinion filed April 2, 1931.

*T. G. Futch* and *John F. Harrell,* for Plaintiff in Error; *Marks, Marks & Holt,* for Defendant in Error.

ELLIS, J.—On November 20, 1909, H. E. Barcus gave his promissory note to Henry M. Wood in the sum of $5000, payable four months after date. Wood died on the 3rd day of February, 1910, leaving a will in which he appointed his wife Jessie Wood and his son Harry J. Wood as executors with bond to carry out the provisions of the will. The will directed that after paying the expense of carrying out the provisions of the will the balance of the estate should be equally divided between his wife, Jessie Wood, his daughter Jessie Wood White and his son Harry J. Wood.

There being no indebtedness the three legatees agreed in writing to a division of the estate on February 9, 1910. In the division the Barcus note became the property of the widow Jessie Wood and she "endorsed it over" to her daughter Jessie Wood White and told her "to do the best she could with it", delivering the note to her at the time.

On the 20th day of March, 1910, the due date of the note, Barcus executed a promissory note for the sum of $5000. payable to the order of Jessie Wood White six months after date with interest after maturity at the rate of ten per cent per annum until paid "negotiable and payable at Live Oak, Florida". The note contained a provision that if it should not be paid at maturity it may be placed in the hands of an attorney for collection in which event the maker agreed to pay an additional sum of $500. for attorney's fees. The note recited that certain securities had been deposited with the payee as collateral security for the payment of it and as security for the payment of "any other liability or liabilities" of the maker to the payee "whether now existing or hereafter arising". The securities consisted of one hundred shares of the capital

stock of Tedder Lumber Company. The note contained an agreement of the maker to make payment on account of the obligation satisfactory to the ''holder thereof'' or to deliver to the payee or holder additional securities to the satisfaction of the holder in the event that the payee or holder of the note should consider that the market value of the securities had declined or should become unsatisfactory to the payee or holder. It contained also an acceleration clause conditioned on the maker's failure within three days after written notice to make a satisfactory payment on account or to furnish additional securities in case of a decline in the value of the securities pledged and authorized the payee or holder to sell and deliver at public or private sale the whole or any part of the securities pledged without demand, advertisement or notice, which the maker waived. There were other provisions relating to the application of the proceeds of the sale of the securities to the principal debt and an agreement to pay the deficiency, if any. The note was under seal.

Action upon the note was begun in the Circuit Court for Suwannee County by Harry J. Wood against the maker of the note in January, 1924. The declaration alleged that Jessie Wood White and her husband endorsed the note to Jessie Wood who endorsed it to the plaintiff. Three pleas were interposed as ''further and amended pleas''. The three pleas set up the same defense, which was in substance that the defendant made and delivered the note to Jessie Wood White in consideration of her promise to obtain and return to the defendant his note to Henry Wood for that sum hereinbefore described and that such promise was the consideration for the execution of the note to Jessie Wood White, who had failed and refused ''thereafter to obtain and return to this defendant the said promissory

note which this defendant had given the said Henry Wood during his lifetime''; that the plaintiff took the note sued upon with ''notice and knowledge of all its infirmities''.

The pleas were filed on August 14, 1924.

On the 12th day of November, 1928 the plaintiff, without leave from the court, filed what he termed a ''Replication and Joinder of Issue''. The first paragraph was addressed to the first plea and took issue upon so· much of the plea as averred that Jessie Wood White was not the owner of the original Barcus note to ·Henry Wood and which averred that Jessie Wood was not in possession of it and had no right to surrender it when the note to her was given by the plaintiff. The second paragraph took issue upon the same averment as made in the second plea. The third paragraph took issue upon the same averments in the third plea and the fourth paragraph addressed to all the pleas denied the averment of failure of consideration and averred that the note sued upon was given by way of a renewal of the original note to Henry Wood and averred that that note on Henry Wood's death became the property of his widow and she endorsed and delivered it to Jessie Wood ·White who obtained from Barcus the note sued on as a renewal of the old debt; that all her acts were approved and ratified by Jessie Wood White; the ''beneficial owner of the original note'', to whom the renewal note was afterwards transferred and the defendant obtained full release and liability from the original note.

The record then recites that the replication was stricken on defendant's motion because it was not filed within the time required by the statute and the rules governing the filing of replications and joinder of issue, because the replications were not filed within a reasonable time after the filing of pleas and the plaintiff had obtained

no permission from the court to file the pleadings after time for such pleadings had passed and the parties by their attorneys "submitted said cause on the issues joined between them to a jury".

The jury returned a verdict for the plaintiff in the sum of nine thousand dollars. Judgment was entered for the plaintiff and the defendant took a writ of error from this Court.

The bill of exceptions contains a statement that after the court struck plaintiff's replication from the files that the plaintiff joined issue upon the defendant's pleas.

The case was tried on the theory that if the note sued upon was executed by the defendant in renewal of the note which he had given to Henry Wood the verdict should be for the plaintiff, but if it was not a renewal of the old debt and was given in consideration of the return to the defendant of the old note to Henry Wood and the old note was not returned to him the verdict should be for the defendant. The jury was instructed that in either case the view they took of the transaction should be supported by a preponderance of the evidence.

Counsel for plaintiff in error contended that the case was not properly at issue because the plaintiff should have joined issue on the pleas before the court convened and not waited until the court convened to tender a replication. But the replication offered by the plaintiff was stricken from the files and apparently the parties went to trial on the issue joined on the pleas. What that issue was the court clearly stated in his charge. There is no other evidence of any issue in the record. That issue was as stated above as follows: If the note sued on was a renewal of the old debt there should be a verdict for the plaintiff. If it was not but instead given in consideration

of a return to the defendant of the old Henry Wood note and that was not done then there should be a verdict for the defendant.

It seems to the Court that the Harmless Error Statute, Sec. 4499 C.G.L. 1927, applies to this case with peculiar fitness. According to the provisions of that statute no judgment should be set aside or reversed on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure unless in the opinion of the appellate court after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice.

There is no question about the existence of the indebtedness of Mr. Barcus to Henry Wood and that it was evidenced by a promissory note. There is no doubt that on the division of the estate the note was allotted to Mrs. Jessie Wood the widow of Henry Wood; that she endorsed the note to Mrs. Jessie Wood White, her daughter, and the note involved in this action was executed by the defendant Mr. Barcus to Jessie Wood White on the due date of the original note to Henry Wood. The note to Jessie Wood White is non-negotiable and in view of the evidence in the case the maker is protected from any attempt on the part of any one asserting ownership of the original note to Henry Wood to collect it by any action, at law or in equity. It passed to the widow on a division of the estate. She transferred it to her daughter, who in turn accepted from the defendant another note in lieu of it. That transaction was a complete extinguishment of the original debt for which the defendant admits he executed the note sued upon.

Of what possible value in substance is the claim that because the defendant did not get possession of the original

note the one sued upon should be cancelled when by the evidence in the case of all parties the original debt was extinguished by the execution of the new note? Whether the note sued upon was given in renewal of the old one or executed in consideration of its return to the maker, the old note was cancelled by the transaction and the defendant is protected from any effort to enforce it.

The original note in the possession of the defendant would be evidence of its payment. The plea of the defendant and the evidence in support of it when reduced to the last analysis show that the new note was executed in extinguishment of the evidential value of the old one as an existing contract or promise to pay at a certain time. The evidence adduced by the plaintiff shows the same. The defendant by the execution of the new note merely obtained an extension of time for the payment of the debt. The intrinsic value of the paper on which the old note was written was not the consideration for the new promise. If the defendant's contention that the consideration for the new note has failed is correct he might be able to interpose as a defense to an action on the old note the Statute of Limitations which would be made available to him by the extension of the due date of the debt which he himself procured by the execution and delivery of the note which he now says was without consideration.

So even if the court's charge may be construed to mean that the burden of proving a failure of consideration as averred in the plea was upon the defendant it would have been harmless in this case.

The judgment is affirmed.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.